IN THE SUPREME COURT OF THE STATE OF DELAWARE

KENNETH REESE TALLEY, § 
KRISTINA KAREN TALLEY, and § 
KURT COSTELLO, § No. 53, 2023
 § 
    Defendants Below, § Court Below—Superior Court
    Appellants, § of the State of Delaware
 § 
    v. § C.A. No. S22C-12-013
 § 
DARREN WAYNE HORN, Sr. and § 
JUDITH CELELIA TALLEY § 
HORN, § 
 § 
    Plaintiffs Below, § 
    Appellees. § 

Submitted: June 23, 2023
Decided:   August 14, 2023

Before **VALIHURA**, **TRAYNOR**, and **LeGROW**, Justices.

## <u>**ORDER**</u>

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The defendants below-appellants, Kenneth Reese Talley, Kristina Karen Talley,[1] and Kurt Costello, filed this notice of appeal from a Superior Court order ejecting them from a property located in Milton, Delaware ("the Property").

---

[1] For clarity, we use first names to refer to the Talley parties; no disrespect or familiarity is intended.

After consideration of the parties' arguments, we affirm the Superior Court's judgment.

(2)   This ejectment matter arises from a Court of Chancery action, *Talley v. Horn*, C.A. No. 2021-0011, that we take judicial notice of and briefly summarize below.  In January 2021, Kenneth and Janice, with the assistance of counsel, filed a Court of Chancery complaint against Darren and Judith Horn, who bought the Property in 1989 and allowed Kenneth and Janice to live there.  Kenneth and Janice sought an equitable life estate in the Property through promissory or equitable estoppel.  During the litigation, Kenneth and Janice terminated their counsel's representation.  In April 2022, Kenneth and Janice filed an interlocutory appeal in this Court from the Court of Chancery Master's orders denying their requests for a continuance of trial.  The Court dismissed the appeal based on its lack of jurisdiction to consider an appeal from a Master's rulings.[2]

(3)   A Court of Chancery Master held a two-day trial in May 2022.  On October 4, 2022, the Master issued her final report recommending entry of judgment in favor of the Horns, a declaration that Kenneth and Janice had no interest in the Property, and entry of an order cancelling the *lis pendens* Kenneth and Janice had filed on the Property.[3]  The Master found that Kenneth and Janice had "[a]t most…a

---

[2] *Talley v. Horn*, 2022 WL 1594527 (Del. May 19, 2022).
[3] *Talley v. Horn*, 2022 WL 4963256 (Del. Ch. Oct. 4, 2022).

permissive oral license to use to the Property" which the Horns could revoke at any time.[4] The Master also found that Kristina and her friend Kurt Costello were Kenneth's guests on the Property and therefore subject to Kenneth and Janice's license to use the Property.[5] The Master advised the parties that they could file exceptions to the report under Court of Chancery Rule 144.[6] The parties did not file exceptions.[7]

(4) On October 21, 2022, the Chancellor entered an order approving and adopting the Master's report. Kenneth and Janice did not file an appeal in this Court but submitted documents in the Court of Chancery that were returned to them, along with a cover letter stating that appeals had to be filed in this Court. No appeal from the Court of Chancery's final order was filed in this Court.

(5) On November 7, 2022, the Horns' counsel notified Kenneth and Janice that their license to use the Property was revoked. On December 20, 2022, the Horns filed a complaint in the Superior Court for the ejectment of Kenneth, Kristina, and Costello under 10 *Del. C.* § 6701.[8] On January 10, 2023, the Horns filed an amended

---

[4] *Id.* at *8.
[5] *Id.*
[6] *Id.* at *9.
[7] Kristina submitted documents on October 7, 2022 that were returned to her because she had not included the scanning fee. The Register in Chancery also advised that she could return the documents with the fee, but that the documents would be docketed as a complaint by a non-party.
[8] Janice had not lived on the Property since 2019.

3

complaint and a motion for a rule to show cause hearing. Kenneth moved to dismiss the complaint, arguing that he and Janice had occupied and paid for the Property.

(6) The Superior Court held a rule to show cause hearing on February 3, 2023. After hearing arguments from the Horns' counsel, Costello, Kenneth, and Kristina, the Superior Court concluded that the doctrine of *res judicata* barred the defendants' claims that Kenneth had an ownership interest in the Property and rejected their efforts to re-litigate the Court of Chancery action. The court granted ejectment, denied the Horns' request for attorneys' fees, and ordered the defendants to vacate the Property by March 17, 2023. This appeal followed.

(7) On appeal, Kenneth, Kristina, and Costello challenge the Superior Court's application of *res judicata* and the Court of Chancery's rulings. They also contend that Kenneth is a victim of elder abuse. Having considered the parties' positions, we conclude that the Superior Court did not err in granting ejectment.

(8) *Res judicata* bars a claim when: (i) the original court had jurisdiction over the subject matter and the parties; (ii) the parties to the original action were the same or in the privity with the parties in the instant case; (iii) the issues decided in the original action were the same as in the instant case; (iv) the issues in the original

action were decided adversely to the appellants; and (v) the decree in the original action was final.[9] All of these criteria are satisfied here.

(9) The Court of Chancery had jurisdiction over Kenneth and Janice's claims that they had an ownership interest in the Property. Kristina and Costello were not parties in the Court of Chancery action, but Kristina testified at trial and both of their defenses to ejectment are predicated on Kenneth having an ownership interest in the Property. The Court of Chancery also addressed Kristina and Costello's relationship to the Property—namely, that they were guests of Kenneth and subject to Kenneth and Janice's revocable license to use the Property. Whether Kenneth had any ownership interest in the Property was at issue in both cases and was decided adversely to Kenneth in the Court of Chancery action. The Court of Chancery's judgment that Kenneth and Janice had no interest in the Property, except at most an oral license to use the Property that could be revoked by the Horns at any time, is final. By the time of the ejectment action, the time to appeal the Court of Chancery's rulings had long passed and the defendants could not relitigate whether Kenneth had an ownership interest in the Property entitling him to remain there with Kristina and Costello.

---

[9] *Dover Historical Soc'y, Inc. v. City of Dover Planning Comm'n*, 902 A.2d 1084, 1092 (Del. 2006).

5

(10) Finally, the defendants' conclusory allegations of elder abuse, which are mostly based on the previously adjudicated and rejected premise that Kenneth has an ownership interest in the Property, do not constitute a defense to the ejectment action. Given the defendants' failure to establish any legal basis for their continued occupation of the Property, the Superior Court did not err in granting ejectment.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

6